Dear Mr. Kearns:
You have asked our office to provide an opinion relating to the nomination and appointment of members to the Board of Commissioners governing St. Tammany Parish Hospital Service District No. 2 ("District").
Your letter indicates that the District, doing business as Slidell Memorial Hospital, is a political subdivision of the State of Louisiana created by the Louisiana Legislature pursuant to Act 180 of the 1984 legislative session. The District is governed by an appointed Board of Commissioners. Act 180 of 1984 was amended by Act 562 of the 2003 legislative session to provide for the creation of a nominating committee together with a separate appointing authority for the nomination and appointment of members to the District's Board of Commissioners.
Your request asks us to address two specific questions relating to qualification of members for the Board of Commissioners:
 • Whether Act 180 of 1984, as amended, requires the appointment of a commissioner from each of Wards 6, 7, 8 and 9 of St. Tammany Parish. In other words, if the nominating committee finds no suitable applicant residing in Ward 6, can the nominating committee and appointing authority chose a resident from another ward to serve on the Board of Commissioners? *Page 2 
 • Whether Act 180 of 1984, as amended, requires that medical staff appointees to the Board of Commissioners be registered voters and domiciliaries of Wards 6, 7, 8 and 9 of St. Tammany Parish or simply registered voters and domiciliaries of St. Tammany Parish. In other words, can a medical staff appointee who resides within St. Tammany Parish but outside of Wards 6, 7, 8 or 9 be appointed to the Board of Commissioners?
The following portions of Act 180 of 1984 (amended by Act 562 of 2003) are relevant to the questions asked:
Section 2.1(A):
 St. Tammany Parish Hospital Service District No. 2 shall be governed by a board of nine commissioners, all of whom are registered to vote in and have been residents and domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish for not less than two years prior to appointment. Seven members shall be appointed pursuant to Subsection B of this Section and two shall be appointed pursuant to Subsection C of this Section.
Section 2.1(B)(3):
 The nominating committee shall seek nominations from the community as a whole by widely publicizing the openings on the board of commissioners, shall seek nominations from a broad section of community organizations and shall obtain nominations from each of Wards 6, 7, 8 and 9 of St. Tammany Parish. Public interviews of the applicants shall be conducted.
Section 2.1(B)(8)
 The commission shall reflect at all times a cross-section of the citizens of Wards 6, 7, 8 and 9 of St. Tammany Parish, including at least one board of commissioners member from each ward. Every reasonable effort shall be made to achieve this objective through the cooperation of the nominating committee and the appointing authority.
Section 2.1(C)(1)
 Two practicing medical staff members of Slidell Memorial Hospital shall be nominated by the medical staff of the hospital. One nominee shall be the current chief of the medical staff, and the other shall be a staff member who regularly treats patients at the hospital and who has the majority of his practice at Slidell Memorial Hospital. Both physician appointees shall have long-standing professional ties to Slidell Memorial Hospital. *Page 3 
Section 2.1(C)(3)
 Medical staff appointees shall be registered to vote in and residents and domiciliaries of St. Tammany Parish.
Your first question concerns the representation of Wards 6, 7, 8 and 9 by members of the Board of Commissioners. More particularly, you have asked whether there must be a commissioner appointed from each of the respective wards.
As indicated above in Section 2.1(A), the nine commissioners who serve on the Board must meet certain requirements: each must be registered to vote in Wards 6, 7, 8 or 9 of St. Tammany Parish for not less than two years prior to appointment and each must have been a resident and domiciliary of Wards 6, 7, 8 or 9 of St. Tammany Parish for not less than two years prior to appointment. Seven of these members are chosen in accordance with Subsection B and two are appointed pursuant to Subsection C.
As described by Section 2.1(B)(3), the nominating committee must obtain nominations from each ward, and Section 2.1(B)(8) provides a legislative directive that the Board of Commissioners make every reasonable effort to reflect a cross-section of the citizens of Wards 6, 7, 8 and 9 of St. Tammany Parish, including representation on the Board of Commissioners of at least one member from each ward.
Therefore, to directly address your first inquiry, the Board of Commissioners, as described by Act 180 of 1984 (amended by Act 562 of 2003), must reflect a cross section of the citizens of Wards 6, 7, 8 and 9 of St. Tammany Parish, including at least one member from each ward. If such objective is not achieved, the nominating committee and appointing authority must be able to show that "every reasonable effort" was made to achieve this objective.
Your second question addresses the qualifications of the two members appointed to the Board of Commissioners pursuant to Section 2.1(C). This provision provides that two members of the Board of Commissioners are members of the Slidell Memorial Hospital medical staff, who are nominated and appointed by the medical staff of the hospital. You have asked whether the two individuals selected to be members of the Board of Commissioners pursuant to Section 2.1(C) must be registered voters and domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish, or whether these members must simply be registered voters and domiciliaries of St. Tammany Parish.
The confusion arises out of the language in Section 2.1(A) requiring that all members of the board of commissioners be registered voters and domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish and the language in Section 2.1(C), specifically addressing the selection of these particular members, which simply states that the members be registered voters and domiciliaries of St. Tammany Parish, not of any particular ward. *Page 4 
Aiding in the task of statutory interpretation, La.C.C. art. 13
instructs that "[l]aws on the same subject matter must be interpreted in reference to each other" and La.C.C. art 9 provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Additionally, all of the statutory provisions are to be given effect wherever possible. State v. Texas Co., 17 So.2d 569, 573 (La. 1944).
It is possible to give effect to both Section 2.1(A) and Section 2.1(C). The unambiguous and clear language in Section 2.1(A) requires that all members of the Board of Commissioners be registered voters and domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish. The subsequent subsections discuss how the nine members are chosen. There are references throughout Section 2.1 concerning the desire for the members of the Board of Commissioners to represent the citizens of Wards 6, 7, 8 or 9 of St. Tammany Parish. Although your letter points out that Section 2.1(C) does not require that the individuals reside in Wards 6, 7, 8 or 9 of St. Tammany Parish, it is the opinion of this office that such specification is not necessary, as this qualification is clearly enunciated in Section 2.1(A). It is the opinion of this office that the reference in Section 2.1(C) is merely a reiteration that the two members appointed pursuant to this Subsection must be registered voters and domiciliaries of St. Tammany Parish, and is not meant to supersede the more specific requirement set forth in Section 2.1(A) that all members of the Boards of Commissioners be domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish.
Thus, it is the opinion of this office that the all members of the Board of Commissioners must be registered voters and domiciliaries of Wards 6, 7, 8 or 9 of St. Tammany Parish, even the two members appointed pursuant to Section 2.1(C).
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB